59 F.3d 180
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Clarence S. HUTTON, Sr., Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3036.
 United States Court of Appeals, Federal Circuit.
 March 10, 1995.
 
 Before NEWMAN, MICHEL and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Clarence S. Hutton appeals from the decision of the Merit Systems Protection Board (Board), Docket No. DC-0752-94-0376-I-1, which became final on September 15, 1994, when the Board denied review of the initial decision issued June 1, 1994. The Administrative Judge (AJ) dismissed Hutton's appeal from his removal by the United States Postal Service (agency) as inexcusably untimely. Because neither the AJ nor the Board abused their discretion, we affirm.
 
 DISCUSSION
 
 2
 Hutton was removed from his position with the United States Postal Service effective February 26, 1994. Although Hutton was notified in writing that any appeal of the agency's action to the Board must be filed within 20 days of the effective date of the removal, 5 C.F.R. Sec. 1201.22 (1993), Hutton did not file his appeal until March 28, 1994, ten days late. On April 1, 1994, the AJ issued an acknowledgment order requiring that Hutton show by April 16, 1994, either that his appeal was timely or that good cause existed for the delay in filing. The record on the timeliness issued closed on April 26, 1994. Hutton did not respond and on June 1, 1994, the AJ dismissed Hutton's appeal as untimely. Hutton did attempt to file a response to the acknowledgment order on June 9, 1994. He then filed a timely petition for review with the full Board which was denied.
 
 
 3
 The Board may waive the time limit for filing an appeal upon a showing of good cause, 5 C.F.R. Sec. 1201.12 (1994), but it is the appellant's burden to establish that good cause existed. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 652 (Fed. Cir. 1992). We review the Board's refusal to waive the time limit under an abuse of discretion standard. Id. at 653.
 
 
 4
 In his June 9 response and his brief on appeal, Hutton admits that he received the acknowledgment order on April 4, 1994. However, he asserts that he believed David Satterfield, the union representative whom he designated on the appeal form, would respond to the order. He realized this was not the case on May 15, 1994, he asserts, when he received notification that Satterfield had resigned from his position with the Mailhandlers' Union. Hutton further cites difficulties created by the fact he is incarcerated as delaying the preparation of his response.
 
 
 5
 These arguments were not before the AJ because they were submitted long after the close of the record. "Once the record closes, no additional evidence or argument will be accepted unless the party submitting it shows that the evidence was not readily available before the record closed." 5 C.F.R. Sec. 1201.58(c) (1994). The Board may grant a petition for review when it is established that "[n]ew and material evidence is available that, despite due diligence was not available when the record closed." 5 C.F.R. Sec. 1201.115(c)(1) (1994).
 
 
 6
 Hutton's alleged reliance on Satterfield to file the response to the acknowledgment order, even if proven, was not sufficient to show that Hutton exercised the due diligence necessary to warrant the Board's granting the petition for review and reopening the record. Hutton has not demonstrated he was reasonable in expecting Satterfield to respond to the acknowledgment order. Hutton, not Satterfield, filed the late appeal notice and Hutton has not provided any evidence that Satterfield confirmed he would file the required response and handle the appeal. Moreover, even if Satterfield agreed to serve as Hutton's representative, Hutton is bound by the consequences of his representative's conduct, including his failure to respond to the acknowledgment order. See Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed. Cir. 1986).
 
 
 7
 Because Hutton did not timely respond to the acknowledgement order he did not show good cause for waiving the time limit and the AJ did not abuse his discretion in refusing to do so. Similarly, Hutton's submission to the Board of evidence of excusable neglect did not require the Board to grant the petition for review, for Hutton failed to show that evidence was unavailable earlier. Furthermore, Hutton's arguments on appeal do not warrant reopening the record on timeliness in order to consider whether the arguments and allegations he makes demonstrate good cause for the delay. Accordingly, we affirm.